925 F.2d 1465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony Tony TAYLOR, Plaintiff-Appellant,
v.
Lloyd FLETCHER, Warden, Jerry W. Owens, Lt., Danny Brock,
Lt., Tim Powers, Sgt, Eddie Ray Smith, CTO,
Douglas Fletcher, Defendants-Appellees.
 No. 90-5201.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1991.
 
 1
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Anthony Tony Taylor, a pro se Kentucky prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Taylor sued several Kentucky correctional officials, alleging that they violated his due process rights at his good time credit revocation proceedings. Over Taylor's objections, the district court adopted the magistrate's report and recommendation and dismissed the case for failure to exhaust state court remedies. Taylor has filed a timely appeal. In his brief, he requests the appointment of counsel.
 
 
 4
 Upon review, we conclude that the district court improperly dismissed Taylor's claim for failure to exhaust state court remedies. Since Taylor sought monetary, declaratory and injunctive relief other than the restoration of good time credits, his claim is cognizable under 42 U.S.C. Sec. 1983. Wolff v. McDonnell, 418 U.S. 539, 545-55 (1974). However, we affirm the district court's judgment for the reasons articulated below. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 5
 Taylor alleges that the defendants failed to comply with certain state-mandated procedures. However, the expectation of receiving state-mandated process is not, without more, a liberty interest protected by the due process clause. Olim v. Wakinekona, 461 U.S. 238, 250 (1983). In addition, Taylor's pleadings reveal that he received the minimal due process to which he was entitled. Wolff, 418 U.S. at 564-70.
 
 
 6
 Accordingly, for these reasons, we deny counsel and affirm the district court's judgment. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation